IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BESSIE M. BRISTOW, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 2:18-cv-481-SMD |
| ANDREW SAUL,[1] Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bessie M. Bristow seeks judicial review of the Commissioner of Social Security's final decision denying her applications for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income benefits ("SSI") under Title XVI of the Act. Bristow filed her DIB and SSI applications on January 18, 2016, alleging a disability onset date of December 16, 2015. (R. 186). The applications were denied at the initial administrative level, after which Bristow requested and received a hearing before an Administrative Law Judge ("ALJ"). (R. 298-309, 230-262). On December 6, 2017, the ALJ issued an unfavorable decision, (R. 183-197), and the Appeals Council denied Bristow's request for review of that decision on September 4, 2018, (R. 1-4). The ALJ's decision consequently became the Commissioner's final decision. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). This court has jurisdiction over Bristow's action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3).

---

[1] The Court takes notice that Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court is directed to substitute Saul as Defendant in this case for Nancy Berryhill.

1

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.

Bristow argues that in consequence of erroneously rejecting and/or failing to consider specified medical evidence, the Commissioner failed to properly assess her residual functional capacity after completing the third step of the five-step sequential process and that the Commissioner failed to consider all of her impairments at the fifth step of the process, and for those reasons failed to carry his burden to establish that Bristow was not disabled for purposes of the Act.

The undersigned has considered the parties' briefs and all of the evidence in the administrative record. For the reasons set forth below, the Commissioner's final decision is AFFIRMED.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the required demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-1239 (11th Cir. 2004).

At the first step, an Administrative Law Judge considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the

ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c). The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b); *see also Bowen*, 482 U.S. at 141. If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c). An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work. S.S.R. 85-28 (S.S.A. 1985).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), and 416.920(d). If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, between the third and the fourth steps the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is an estimate of the claimant's capacity to perform sustained, work-related physical and/or mental activities on a regular and continuing basis,[2] despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* S.S.R. No. 96-8p (S.S.A. July 2, 1996).

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If, in light of the claimant's RFC, the ALJ determines that the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). In the event the claimant is no longer capable of performing his or her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof shifts, for the first time, to the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether a person with those characteristics and RFC could perform any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. If the Commissioner meets his burden to demonstrate the existence in significant numbers in the national economy of

---

[2] "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." S.S.R. No. 96-8p (S.S.A. July 2, 1996).

jobs capable of being performed by a person with the RFC assessed by the ALJ between the third and fourth steps of the five-step process, the claimant is found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. A claimant will be found entitled to benefits if the Commissioner fails to meet that burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

## LEGAL STANDARD

The Court's review of the Commissioner's decision is limited. The Court's sole function is to determine whether the ALJ's opinion is supported by substantial evidence, and whether the proper legal standards were applied. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Accordingly, a reviewing court must affirm an ALJ's decision if the ALJ applied proper legal standards and his or her findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997), *citing Richardson v. Perales*, 402 U.S. 389 (1971).

The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See Foote*, 67 F.3d at 1560, *citing Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997), *quoting Bloodsworth*, 703 F.2d at 1239. The Court

will also reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *See Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994), *citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). There is no presumption, however, that the Commissioner's conclusions of law are accurate. *See id.*; *see also Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

## THE CLAIMANT

Bristow was born on October 19, 1980. (R. 271). Bristow completed the eleventh grade and a portion of the twelfth grade of high school. (R. 237). Bristow has worked as a truck driver, corrections officer, deliverer, and hand packager. (R. 413-419).

## ADMINISTRATIVE PROCEEDINGS[3]

After the administrative hearing, the Administrative Law Judge determined that Bristow met the insured status requirements of the Act through December 31, 2019. (R. 189). At the first step of the five-step sequential process, the ALJ found that Bristow had not engaged in substantial gainful activity since her alleged disability onset date of December 16, 2015. (R. 189). Bristow does not challenge that finding.

At the second step, the ALJ found that Bristow suffered from the severe impairments of hypertension, type 2 diabetes, diabetic retinopathy, coronary artery disease, obesity, acute respiratory disease, major depressive disorder, and anxiety. (R. 189). The ALJ noted that Bristow had been treated for acute kidney injury, gastroesophageal reflux disease, and neuropathy, but found on the basis of substantial record evidence that the impairments caused by those conditions were not severe. (R. 189). Specifically as to Bristow's kidney issues, the ALJ noted that Bristow

---

[3] The following recitation constitutes the undersigned's summary of evidence contained within the Administrative Record and does not reflect any independent finding of fact by the court.

had developed an acute kidney injury during a 2015 stay in hospital, but further noted that the condition had resolved by the time she was discharged. Bristow now challenges whether the ALJ adequately considered evidence relating to her kidney disorder.

At the third step of the process, the ALJ found that Bristow's impairments were not equivalent to any of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1. (R. 189-190). Specifically, the ALJ found that Bristow's impairments did not meet listings 2.02 (loss of central visual acuity), 3.09 (chronic pulmonary hypertension), 3.14 (respiratory failure), 4.00 (cardiovascular impairments), 9.00 (endocrine disorders), S.S.R. 02-1p (obesity), 12.04 (depressive, bipolar and related disorders) or 12.06 (anxiety and obsessive-compulsive disorders). (R. 189-192). Bristow does not challenge the ALJ's findings at the third step.

Because the ALJ found that Bristow's impairments did not meet any of the listings, the ALJ properly proceeded to conduct an assessment of Bristow's residual functional capacity.

Regarding Bristow's RFC, the ALJ found as follows:

> [Bristow] has the residual functional capacity to perform light work . . . except that she is limited to standing and/or walking no more than four hours in an eight hour workday, with a limit on standing and/or walking for no more than thirty minutes at a time, she [must] be allowed a sit/stand option, and she [must] be allowed to elevate her feet at a footstool level while seated. [She] can occasionally balance, stoop, and crouch, but she can never kneel, crawl, climb ramps or stairs, or climb ladders, ropes, or scaffolds. [She] can frequently reach, except she is limited to occasional reaching overhead. [She can] perform work that requires no more than frequent near and far acuity; she [must] avoid concentrated exposure to extreme cold, heat, wetness, and humidity; she [must] avoid all exposure to fumes, dusts, gases, odors, and poor ventilation, and hazards, including unprotected heights and dangerous machinery; and she [cannot] drive a commercial vehicle. [She] will be limited to performing simple, routine tasks, involving short, simple instructions. Finally, [she] will miss ne to two days of work per month.

(R. 192). In reaching these findings, the ALJ considered the material objective medical evidence in the record bearing directly upon Bristow's asserted impairments, as well as Bristow's own statements regarding her symptoms. (R. 192-195). Bristow challenges the ALJ's RFC assessment.

7

At the fourth step of the five-step process, the ALJ found that Bristow was unable to perform her past relevant work. (R. 195-196). Bristow does not challenge that finding.

At the fifth step, the ALJ found in light of Bristow's age (37 at the time the hearing occurred), education, work experience, and RFC that there were jobs existing in significant numbers in the national and local economy that she could perform. (R. 196-197). Specifically, the ALJ found in partial reliance on the testimonial opinion of a vocational expert that Bristow could perform the requirements of representative unskilled occupations such as small product assembler, cashier II, and marker II. (R. 196-197). On that basis, the ALJ concluded that Bristow was not disabled as defined in the Act at any time between December 16, 2015, and December 6, 2017, (the date of the Commissioner's final decision). (R. 197). Bristow challenges that conclusion.

## ANALYSIS

Bristow argues that the Administrative Law Judge failed adequately to consider medical evidence of record regarding her kidney disease at the second step of the five-step process and/or in connection with assessing her residual functional capacity, and in addition that the Appeals Council improperly failed to consider new evidence that Bristow proffered in connection with her request for review of the ALJ's decision. In consequence of those errors, Bristow argues, the Commissioner failed to meet his burden at the fifth step of the five-step process.

**I.    The Administrative Law Judge's Consideration of Medical Evidence Regarding Bristow's Kidney Disease**

Bristow notes, correctly, that she was hospitalized from December 17, 2015, through February 3, 2016, due to complications following a right upper lobectomy, (R. 720, 1155), and that during her period of hospitalization she was diagnosed with acute kidney injury requiring treatment under the care of a nephrologist, including kidney dialysis. (R. 761, 957). As noted by

the ALJ, however, by January 1, 2016, Bristow's kidney issues had improved to the point at which she no longer required dialysis, (R. 973), and by the time of her discharge, her physicians considered her acute kidney injury to have "resolved," (R. 1070, 1144), *see also* (R. 189, R. 1119). Subsequent medical records prepared by Bristow's treatment providers referenced or made note of Bristow's history of kidney disease without recording any symptoms associated with that historical diagnosis, (R. 2349, 2365, 2385), but a subsequent X-ray study of her kidneys indicated no abnormalities, (R. 2105), and no medical professional ever reported or opined in any record submitted to the ALJ that Bristow's kidney issues caused her any impairment in her activities of daily living or in any of her faculties or capacities,[4] *see e.g.* (R. 2348-2349, 2364-2366, 2382-2387).

Absent any suggestion in the medical evidence that Bristow's kidney condition caused severe and lasting impairment in her ability to work, her kidney disease diagnosis has no bearing on the assessment of her RFC. *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (a medical diagnosis is material to the extent it addresses impairments in the capacity to work, not to the extent it otherwise describes a deviation from a healthy norm). It follows that the ALJ did not err either in finding that her kidney disease did not cause Bristow to suffer severe impairments in her capacity to work or in failing to discuss the references to her history of kidney disease in assessing her RFC. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (no error for an ALJ to fail to consider immaterial evidence); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th

---

[4] The only suggestion in any of the evidence submitted to the ALJ that Bristow's history of kidney disease might cause her to suffer any impairment comes not from any medical professional but rather from Bristow's own testimony at the hearing before the ALJ. (R. 246). At the hearing, Bristow testified that her legs swell after long periods of standing, and that she had been told that the swelling was caused by problems with her kidneys. (R. 246). The ALJ credited Bristow's testimony regarding her swelling symptoms and accounted for the testified-to impairment in her assessment of Bristow's RFC, specifically by limiting her as follows: "to standing and/or walking no more than four hours in an eight hour workday, with a limit on standing and/or walking for no more than thirty minutes at a time, [with] a sit/stand option, *and [the opportunity] to elevate her feet at a footstool level while seated*. . ." (R. 192) (emphasis supplied).

9

Cir. 2005) (an ALJ need not expressly address every piece of evidence in the record, and the Commissioner's decision will be upheld so long as the ALJ adequately considers the claimant's medical condition as a whole and issues an opinion supported by substantial evidence).

## II. The Appeals Council's Refusal to Consider Newly Proffered Evidence

In connection with her appeal from the ALJ's decision, Bristow submitted new medical records that had not previously been submitted to the ALJ in support of her claim. Some of these records dated from after December 6, 2017 (the date of the ALJ's decision) and others from before that date. The Appeals Council declined to consider the records dating from after December 6, 2017, on the ground that those records did not constitute material evidence of Bristow's impairments at any time on or before the date of the ALJ's decision, and declined to consider the records dating from before December 6, 2017, on the ground that there was no reasonable probability that those records would change the administrative outcome. (R. 2).

Claimants are permitted to present new evidence at any stage of the administrative review process, including in connection with a claimant's request for Appeals Council review of an ALJ's decision. *See* 20 C.F.R. §§ 404.900(b), 416.1400(b); *see also Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018), *citing Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Where a claimant submits evidence to the Appeals Council that was not previously submitted to an ALJ, the Appeals Council must consider that evidence if it is chronologically relevant and material. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b); *see also Hargress*, 883 F.3d at 1309, *citing Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015). Evidence is "chronologically relevant" for purposes of this inquiry if it relates to the claimant's impairments as they were during the period on or before the ALJ's decision, *see* 20 C.F.R. § 404.970(b), 416.1470(b), and is material if it presents a reasonable probability of

10

changing the administrative outcome, *see Washington*, 806 F.3d at 1321.

As to Bristow's newly submitted medical records dating from after December 6, 2017, the Appeals Council correctly determined that those records were not chronologically relevant. Analysis of those records establishes that they record changes in Bristow's condition occurring after the ALJ's decision issued. (R. 8-182). Specifically, the records indicate that Bristow was hospitalized on December 25, 2017, after suffering new symptoms indicative of worsening renal function, (R. 147-148), and that following her discharge from hospital on December 27, 2018, she resumed dialysis treatment under the care of a nephrologist, (R. 11, 129, 148). Nothing in any of the newly submitted medical records suggests that the symptoms Bristow began to suffer in late December 2017 had been present prior to the date of the ALJ's decision. (R. 8-182). While it is possible that these records could support a new application for benefits – and the undersigned expresses no opinion as to that proposition – because the records do not relate to the period on or prior the ALJ's decision, the Appeals Council properly declined to consider them in connection with Bristow's current application. *See Hargress*, 883 F.3d at 1308-1309.

As to the newly submitted records dating from before December 6, 2017, the Appeals Council correctly found that those records were not material. Analysis of those records establishes that between August 17, 2017, and November 20, 2017, Bristow sought and received counseling and treatment in connection with managing her chronic kidney disease. (R. 203-266). Specifically, in connection with her consultation of August 17, 2017, Bristow's examination was normal other than a finding of peripheral neuropathy, (R. 209-210), and Bristow was counseled to control her intake of dietary sugars and her diabetes medications were adjusted, (R. 211). In connection with her consultation of November 20, 2017, her examination was largely normal except that her nephrologist noted a concern that her renal function was beginning to worsen. (R.

211). The newly submitted records do not reflect that Bristow consulted with medical professionals regarding her kidney disease at any other time during this period, and do not reflect that her caregivers observed any impairment in her capabilities caused by her renal functioning. (R. 203-266). Absent any indication that her kidney disease caused any such impairments, there is no reasonable probability that the newly submitted records dating from before December 7, 2017, could have changed the administrative outcome. *See McCruter*, 791 F.2d at 1547. It follows that the Appeals Council properly declined to consider those newly submitted records. *See Washington*, 806 F.3d at 1321.

### III. The Commissioner's Final Decision

For the reasons discussed above, Bristow's arguments regarding the ALJ's consideration of the medical evidence of record regarding her kidney disease and regarding the Appeals Council's election not to consider her newly submitted evidence provide no grounds for disturbing the Commissioner's final decision. Because the Commissioner's decision is otherwise supported by substantial medical evidence, and no error in the Commissioner's decision is otherwise apparent, the undersigned finds that the Commissioner met his burden at the fifth step of the five-step sequential process.

### CONCLUSION

For the reasons set forth above, the Commissioner's final decision denying Bristow's applications for disability insurance benefits and for and for supplemental security income benefits is AFFIRMED. A final judgment will be prepared.

DONE this 20th day of September, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE